[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11520

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

TERRY GEORGE ZIMMERMAN,

                                                    Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cr-00088-JA-PRL-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Terry Zimmerman, proceeding with counsel, appeals his conviction and sentence for possession of child pornography. He was convicted following a jury trial at which his 1995 federal conviction for possessing child pornography was admitted. Zimmerman asserts the district court abused its discretion by admitting his prior conviction under Federal Rule of Evidence 414 without conducting a multi-factor analysis as part of its Federal Rule of Evidence 403 balancing test, and by inadequately explaining its ruling. He further contends the court unconstitutionally burdened his First Amendment right to access the internet during his supervised release by prohibiting him from accessing the internet without permission.

## I.  DISCUSSION

### A.  Admission of prior conviction

A court can exclude relevant evidence if its probative value is substantially outweighed by its risk of unfair prejudice. Fed. R. Evid. 403. A court's discretion to exclude evidence under Rule 403 is narrowly circumscribed, and exclusion is an extraordinary remedy that should be used sparingly. *United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020). Rule 414 states that, when a defendant is accused of an offense of child molestation, evidence of his prior offense of child molestation is admissible and may be considered

for its bearing on any relevant matter. Fed. R. Evid. 414(a). Possessing child pornography in violation of § 2252 is a child molestation offense. *See id.* (d)(2)(B); 18 U.S.C. § 2252. Evidence admitted under Rule 414 must still satisfy Rule 403, however. *United States v. Woods*, 684 F.3d 1045, 1064 (11th Cir. 2012). We have affirmed the admission of a defendant's prior acts where they were probative of the defendant's interest in child pornography and made it more likely that the defendant, rather than some other person, was responsible for child pornography found on computers. *Id.* at 1065 (affirming admission of written statement describing molestation).

Zimmerman's prior conviction was admissible as Rule 414 evidence, for its bearing on any relevant matter. The district court sufficiently explained its evidentiary ruling, stating Zimmerman's statements during the search weighed in favor of admitting the prior conviction, and that the conviction itself would be admitted, but the details underlying the offense would be excluded. Moreover, the court did not abuse its discretion by failing to apply a multifactor balancing test that Zimmerman recognizes is not the law in this Circuit.[1] *See United States v. Merrill*, 513 F.3d 1293, 1301 (11th

---

[1] Other Circuits have required district courts to consider several non-exclusive factors before deciding whether to exclude Rule 414 evidence pursuant to Rule 403. *E.g.*, *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (requiring courts to consider the similarity of the prior act and the act charged, the closeness in time between the two acts, the frequency of the prior acts, any intervening circumstances, and the necessity of the evidence). Although we previously required courts to consider several factors before admitting prior criminal acts, including the remoteness of the prior offense and the need for

4                    Opinion of the Court                    21-11520

Cir. 2008) (reviewing a district court's evidentiary rulings for an abuse of discretion).

The prior conviction was probative because it could help the jury determine Zimmerman's intent and the nature of his interest or lack thereof in child pornography.  Furthermore, like in *Woods*, it was probative because it made it more likely that he knowingly possessed the devices containing child pornography and less likely he was unaware of the child pornography or that someone else had put it there, as he suggested both during the search of his house and at trial.  *See Woods*, 684 F.3d at 1065.  The conviction was probative despite the 25-year-gap between it and the current offense due to the nature of the two crimes and Zimmerman's apparent attempt to characterize his past offense as involving solely possession of depictions of nudity.  The undue prejudice resulting from the admission of the evidence was not so significant as to substantially outweigh the probative value of the evidence considering Zimmerman's statement during the search of his home referencing the conviction.

---

the evidence, we have since recognized those factors, but held that they have largely been subsumed within a trial court's inquiry under the Federal Rules of Evidence.  *United States v. McGarity*, 669 F.3d 1218, 1243-44 (11th Cir. 2012), *abrogated on other grounds as recognized by United States v. Rothenberg*, 923 F.3d 1309, 1336 (11th Cir. 2019).

## B. Internet access

The Supreme Court held that a North Carolina law violated the First Amendment by making it a felony for a registered sex offender to access a social networking website that the offender knew permitted children to become members or create personal pages. *Packingham v. North Carolina*, 137 S. Ct. 1730, 1733, 1737 (2017). The Court stated it was unsettling to suggest that even persons who completed their sentences could use solely a limited set of websites. *Id.* In *Bobal*, we rejected an argument that a district court committed plain error under *Packingham* by imposing a restriction on computer usage as a special condition of supervised release, reasoning that *Packingham* did not address the constitutionality of conditions on supervised release. *United States v. Bobal*, 981 F.3d 971, 977-78 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2742 (2021) (considering computer restriction on defendant whose offense of conviction involved sending electronic communications to a minor).

Zimmerman did not object to the imposition of an internet ban as a condition of his supervised release, so our review is for plain error. *See id.* at 975 (reviewing an unpreserved constitutional challenge to a condition of a defendant's supervised release for plain error). He has not shown plain error because, as he concedes, he is bound by *Bobal*, which rejected a similar argument. *See id.* at 977-78. Thus, the district court did not plainly err by imposing the condition.

## II.  CONCLUSION

The district court did not abuse its discretion by admitting Zimmerman's prior conviction for possession of child pornography without conducting a multi-factor balancing test or by insufficiently explaining its ruling.  It also did not plainly err by banning Zimmerman from using the internet as a condition of his supervised release.

Although we affirm Zimmerman's conviction and sentence, there is a clerical error in his judgment.  We may *sua sponte* raise typographical errors and remand with instructions to correct them. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006).  The judgment described the statutory provisions Zimmerman violates as 18 U.S.C. § 2252(a)(4)(B) and "§ 2252(b)(2)d."  There is no subsection d in § 2252(b)(2).  Thus, we remand to the district court with instructions to amend the judgment to correct the clerical error.

**AFFIRMED IN PART; REMANDED IN PART.**